# E. K. SMITH

## v.

# J. S. PRALL.

*Filed at Ottawa May 14, 1890.*

1. TAX DEED—*affidavit of notice.* Where the affidavit required.for the issue of a tax deed, since the amendment of section 216 of the Revenue act, in 1879, shows nothing in regard to the service of notice on the owner of the land or the party interested, a tax deed issued thereunder will be unauthorized and void.

2. The amendment of section 216 of the Revenue law, approved May 27, 1879, controlled sales of lands for taxes made in June of that year, as respects notice to be given to the owner or party interested.

3. LIMITATION—*act of 1839—when the statute begins to run—and when the bar is complete.* The seven years' Limitation law does not commence to run before the party acquires color of title; and when seven years do not intervene between the issue of a tax deed to him and the bringing of a suit against him, there can be no bar under the law known as the act of 1839.

4. REMOVING CLOUD UPON TITLE—*setting aside a tax deed—upon terms.* Where the owner seeks, in a court of equity, to set aside a tax sale and deed of his land, he will be required, as a condition to the relief sought, to pay the amount for which the land was sold, all subsequent taxes, and interest thereon at six per cent, whether he has offered to do so in his bill or not. A party seeking equity must do equity.

5. So where a person owning land adjoining a tract sold for taxes, by mistake paid the taxes on the latter tract, supposing he was paying the taxes on his own land, and upon the discovery of the mistake the holder of the tax title repaid him the amount so paid, and the tax receipt was altered so as to show payment by the holder of the tax title, it was *held*, that it was the duty of the person seeking to have the tax title set aside, to pay such tax, with interest, as a condition to the relief sought.

6. SAME—*extent of the relief granted.* A court of equity, on proper bill, has the power to set aside a tax sale and deed, on the ground that the sale and deed may be void for the reason the law has not been complied with; but it is error for it also to set aside a deed from the holder of the tax title to the defendant.

7. PRACTICE—*specific objection—variance between allegations and proofs.* If deeds offered in evidence by the complainant in a bill to

remove a cloud on the title to land, do not convey the same premises described in the bill, the proper course for the defendant to pursue would be to object to the introduction of such deeds, on the ground they do not convey the premises involved.

8. Where an objection to the introduction of a deed in evidence is such that it may be obviated by other evidence, or amendment of the bill, so as to avoid a variance, it must be taken on the hearing, or it will be considered as waived. If the complainant fails to show title to land, that objection may be urged in this court.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. GRANT CARPENTER, for the appellant:

Complainant must show title to maintain his bill. *Fust* v. *Spitley,* 121 U. S. 552; *Gage* v. *Stokes,* 125 Ill. 42; *Hopkins* v. *Granger,* 52 id. 504; *Gage* v. *Abbott,* 99 id. 366; *Hutchinson* v. *Howe,* 100 id. 11.

When complainant offers to pay the taxes paid by defendant and his grantors, it is error to grant the relief on payment of less than that amount, or upon payment of part to set aside an undivided interest and divide the security. *Gage* v. *Stokes,* 125 Ill. 42.

It is not to be supposed that the court intended to give more than was asked. *Gage* v. *Nichols,* 112 Ill. 271; *Gage* v. *Busse,* 102 id. 592.

A tenant in common has the right, by law, to redeem the entire property from a tax sale, and such redemption will inure to the benefit of his co-tenant upon condition that the latter pays his proportion; but he has no right to redeem an undivided interest, unless he makes his co-tenant a party to the suit. *Lomax* v. *Gindele,* 117 Ill. 527.

When complainant has a complete remedy at law by partition, he has no right to resort to chancery to remove a cloud on an undivided interest.

When the amount due is susceptible of exact computation, the amount tendered should be stated in the bill. No relief

without tender.   *Moore* v. *Wayman,* 107 Ill. 192; *DeWolf* v. *Long,* 2 Gilm. 679.

A tax sale is a judicial sale.   Tender is a condition precedent to setting aside a judicial sale.   *Farquhar* v. *Iles,* 2 So. (La.) 791.

The allegations and proofs, in equity, must agree.   *Walker* v. *Ray,* 111 Ill. 321; *Bremer* v. *Canal and Dock Co.* 123 id. 104.

When the owner permits his land to go to sale for taxes, it is error, on bill to set aside the tax deed, to require the defendant to pay costs, when there has been no tender, or the money has not been brought into court.   *Gage* v. *Arndt,* 121 Ill. 495.

Messrs. COOK & UPTON, for the appellee:

The objection to the deeds as evidence of title is made for the first time in this court.   That is too late.

With respect to the defects in the affidavit upon which the tax deed issued, appellant claims that the act of 1879 has no application.   The tax sale took place on June 11, 1879, and the deed issued June 16, 1881.

In the giving of the notice and in the making of the affidavit no attempt was made to perform the additional duties imposed by the amendatory act of 1879.   So the question arises whether that act applies to sales made before it went into effect, and upon that point we will simply cite the case of *Gage* v. *Stewart,* 127 Ill. 207.

Again, the affidavit in question is made upon knowledge and belief, without stating the source of knowledge or grounds of belief, which renders it fatally defective.   *Taylor* v. *Wright,* 121 Ill. 456.

As color of title under which there had been seven years' payment of taxes, we would simply say that it was not issued until June 16, 1881; and inasmuch as the bill was filed on the 1st of March, 1887, less than seven years had elapsed.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill in equity, brought by J. S. Prall, appellee, in the circuit court of Lake county, against appellant, E. K. Smith, to set aside a tax title on certain premises in Lake county, on the ground that the tax title is void and a cloud upon his title. It was alleged in the bill that appellee, Prall, was the owner in fee simple of the land "lying east of Lake street and west of the north line of lot No. 11, in block No. 4, in Port Clinton," in said county; that he derived title from W. A. Booth, who held by *mesne* conveyance from the United States; that the property was sold in 1879 for the taxes of 1878, and a certificate of purchase issued to S. S. Streeter; that Streeter assigned this certificate to A. V. Smith, who obtained a tax deed, and who, on September 20, 1886, quitclaimed to E. K. Smith; also sets forth certain defects in the affidavit and notices upon which said tax deed was issued; that Prall has called upon E. K. Smith and offered to pay the amount for which said premises were sold, with costs and interest thereon, and demanded a quitclaim deed, which he refused to give, claiming to be the owner; that said premises were vacant; that he is ready and willing and offered to pay the amount which Streeter paid at said sale, with interest, and all subsequent taxes paid by Streeter and his grantees, with interest; that said deeds are clouds upon his title, and ought to be set aside.

The appellant, E. K. Smith, put in an answer to the bill, in which he admitted that the premises in controversy were sold in 1879 for taxes of 1878, and that A. V. Smith obtained a deed, and conveyed to appellant. The answer denies that appellee is the owner of the premises, and also denies all the other substantial allegations of the bill. Other matters were set up in the answer, and the appellant also filed a cross-bill, but in the view we take of the case it will not be necessary to set out in detail the answer or the averments of the cross-bill.

The cause proceeded to a hearing on the pleadings and evidence, and the court determined that appellant was entitled to a return of $58.51 taxes and interest, advanced on account of the purchase of the land for taxes, and subsequent taxes paid thereon. This amount appellee was required to deposit with the clerk for the benefit of appellant. The tax deed issued upon the tax sale of June 11, 1879, to A. V. Smith, the court set aside. A deed from A. V. Smith to E. K. Smith, dated September 20, 1886, was also vacated and set aside.

The affidavit filed with the county clerk, upon which the tax deed issued, did not conform to the requirements of sections 216 and 217 of the Revenue law, as it contained nothing in regard to service of notice on the owner or party interested in the land. The tax deed was therefore issued without authority of law, and was invalid. The amendment of section 216 of the Revenue law, approved May 27, 1879, controlled sales of lands for taxes made in June of that year, as respects notice to be given to the owner or party interested, as held in *Gage* v. *Stewart*, 127 Ill. 207. So far, therefore, as the tax sale and deed were relied upon as paramount title, the court properly set aside the deed.

The tax deed purported to convey the following described premises: "All east of Lake street, north of north line of lot 11, block 4, in Port Clinton, Lake county," and the bill gives the same description of the premises; but it is insisted that the deeds read in evidence by appellee do not show title to the identical premises described in the bill. As we understand the argument, it is claimed that there is a variance between the premises described in the bill and the premises shown by the evidence. If the deeds offered and read in evidence by appellee did not convey the same premises described in the bill, the proper course to pursue was to object to the introduction of such deeds in evidence, upon the ground that they did not convey or purport to convey the premises involved. But no such objection was made. Indeed, no specific objection

was made to the introduction of the deeds in evidence. The record shows that all the evidence of the respective parties was admitted subject to objections, but so far as appears the objection now made was never interposed during the trial or in the argument. Under such circumstances, we think the objection to the deeds was waived. If the deeds read in evidence did not establish title in appellee to the premises involved, that objection could be availed of here; but a mere variance between the description contained in the bill and deeds, which might have been obviated on the trial by other evidence or amendment of the bill, should have been made on the trial.

It is also claimed that appellee should be estopped from asserting the title relied upon to the premises, upon the ground that he purchased the same for appellant. Without stopping to go over the evidence in detail, it is sufficient to say that the evidence in the record is not sufficient to sustain appellant's position.

The claim of seven years' payment of taxes under color of title, and possession after the completion of such tax payment, is also set up as a bar to the claim of appellee. The tax deed was not issued until June 16, 1881, and the bill in this case was filed on the 29th day of April, 1887. Seven years did not therefore intervene after color of title was acquired, before suit was commenced, which was necessary to enable appellant to rely on the Statute of Limitations in such a case.

The record, however, discloses one error for which the decree must be reversed. While A. V. Smith, appellant's grantor, held the tax title, the taxes of 1882 on the premises were paid by one Mehan, by mistake, and in determining the amount which appellee should pay as a condition to setting aside the tax title, the court refused to allow this amount, $10.81, and interest thereon from February 23, 1883, the date of payment. The evidence shows that Mehan owned lands joining the premises in question, and in paying his taxes in 1883, he paid, by

mistake, the taxes for the year 1882 on this property, and obtained a receipt from the collector. Soon after the payment, Smith called on Mehan, and refunded the taxes he had paid on the premises and took up the tax receipt. Mehan's name was stricken from the receipt and Smith's inserted. We think the court erred in refusing to allow appellant the amount of this tax and the interest thereon. In appellee's bill he offered to pay the amount for which the premises sold at the tax sale, with interest, and all subsequent taxes paid by the purchaser, Streeter, and his grantees, with interest. But aside from the offer, the general rule established in this class of cases has always required the owner, as a condition to setting aside a tax sale, to refund the amount paid for the land at the tax sale, and all subsequent taxes and interest. Where a party comes into a court of chancery seeking equity, he ought to be required to do equity. Where lands have been sold for taxes, and the owner comes in after the time for redemption has expired and asks a court of equity to set aside the sale, it would be manifestly unjust to grant the relief without requiring the owner first to pay the amount for which the land was sold, all subsequent taxes, and the interest thereon. It is the duty of the owner of land to pay the taxes, and where he fails to discharge that duty and suffers the land to be sold, it would be manifest injustice to take away from a purchaser his tax title without requiring the owner to refund the advances made by the purchaser. The advances so made have relieved the land of a burden which it was incumbent on the owner to discharge, and the least that a court of equity could do would be to require the purchaser to be made whole. Here the tax receipt showing payment of taxes of 1882 was offered in evidence, and excluded by the court on the ground, as we understand, that one name had been erased and another inserted. Whether the tax receipt was competent evidence was immaterial. Excluding entirely the receipt, the fact remained that Mehan paid the taxes by mistake, and that Smith refunded the money

and adopted his tax payment as his own act. The taxes on the land were paid, and the money which made the payment came from the pocket of Smith, who held the tax title, and in this proceeding we see no reason why Smith should not receive the benefit of the tax payment. The manner in which the payment was made is more a matter of form than substance, which is not regarded in equity. As was observed before, the taxes were paid and the land released therefrom. The money which made the payment came from Smith, the holder of the tax title, and we think it was error to set aside the tax sale without requiring this amount and interest to be refunded.

For the errors indicated, the decree will be reversed, and the cause remanded for further proceedings in conformity to this opinion.                                  *Decree reversed.*