JAMES A. BROPHY

*v.*

GEORGE F. HARDING *et al.*

*Filed at Ottawa May 13, 1891.*

1. SPECIAL ASSESSMENT—*return of assessment roll—notice to owners—of what year.* A special assessment for a local public improvement is the act of the commissioners appointed to make it. It is their duty to make the assessment and return an assessment roll to the court appointing them, and also to notify the owners of property of the amount their premises are assessed. The assessment is for the year their certificate bears date, and is not of the date of the confirmation of their report. If the assessment is modified, altered, changed or re-cast, it may be described as one of the year in which such change is made.

2. Where the precept for the sale of lands for unpaid special assessments states the delinquency to be for a special assessment for the year 1885, the notice of the purchase, and of the time when the redemption will expire, must show that the assessment is for the same year, and such year must be truly given.

3. TAXES—*sale for—time of redemption.* The failure to correctly state when the time of redemption will expire in case of a sale for taxes or special assessments, is fatal to the validity of the tax deed. When the two years from the day of sale falls on a Sunday, the time of redemption will not expire on that day, but on the following Monday.

4. TAX DEED—*stricti juris—non-compliance with the law.* The title to be made under a tax deed is *stricti juris.* Hence a non-compliance with anything the law makes a condition precedent to the right to have a deed, is fatal, and the courts will not look to see whether the omission has misled or injured any one or not.

5. SAME—*issued on incorrect notice.* A tax deed issued on a notice incorrectly stating the day on which the time for redemption will expire, is void.

APPEAL from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. H. S. MECARTNEY, for the appellant:

It is sufficient to set out the acts done, so that the court may see that the statute has been complied with in giving the notice of the tax sale. *Price* v. *England,* 109 Ill. 396; Rev. Stat. chap. 120, sec. 216.

Section 182 of the Revenue law requires the notice of application for judgment for taxes and special assessments to state the year or years for which they are due. The date of the warrant is the time when a special assessment is due.

The statute requires that redemption be made at "any time before the expiration of two years from the date of sale." (Sec. 210.) As the sale was September 2, 1886, it would expire September 2, 1888, and redemption could be made September 3 only by reason of the 2d being Sunday, which is fully stated. No one could have been misled by the notice.

Mr. WILLIAM J. AMMEN, for the appellees :

A valid judgment, precept, affidavit and notice must be shown to establish the validity of a tax title. *Gage* v. *Caraher,* 125 Ill. 447 ; *Bell* v. *Johnson,* 111 id. 374.

As to what notices and affidavits must state, see *Stillwater* v. *Bramwell,* 124 Ill. 328 ; *Gage* v. *Waterman,* 121 id. 115 ; *Wallahan* v. *Ingersoll,* 117 id. 123.

The validity of a tax title depends upon a strict compliance with the statute, and this compliance must be shown solely by the affidavit filed with the county clerk. *Gage* v. *Mayer,* 117 Ill. 632 ; *Wisner* v. *Chamberlin,* id. 568 ; *Chappell* v. *Spire,* 106 id. 472.

The certificate of the county clerk states that the delinquent assessment is for the year 1885, while the notice says it was for the year 1886. Any mistake in the notice as to time for redemption is fatal to the validity of the deed. *Wisner* v. *Chamberlin,* 117 Ill. 568.

Mr. JUSTICE WILKIN delivered the opinion of the Court :

This was an action of ejectment, by appellant, against appellees. A trial in the circuit court resulted in a finding and judgment for appellees.

Appellant's only claim of title is a tax deed, dated February 12, 1889. To support this deed he offered in evidence, on the trial, a tax judgment and precept, the latter issued by the clerk of the county court of Cook county on the 14th day of July, 1886, showing the judgment and order of sale against the property in question "for the amount of the delinquent special assessment warrant No. 582 of the town of Lake, *for the year 1885,* together with costs," etc. ; also, a certified copy of his application for said tax deed, including the affidavits, notices, published certificates and certificate of purchase. To the affidavit of compliance with section 216 of the Revenue act, and the notices referred to and made a part thereof, nu-

merous objections were interposed. It is conceded if any of these objections were well taken the judgment of the circuit court was right, and must be affirmed. To at least two of these no satisfactory answer has been made or can be found.

The notices state that the purchase was made "for the delinquent special assessment warrant No. 582 of the town of Lake, levied and assessed thereon *for the year A. D. 1886,*" whereas the defendant insisted it was shown that the special assessment on which the sale was in fact made was for the year 1885. Section 216, *supra,* expressly provides that the notice shall state for what year the property purchased was taxed "*or specially assessed.*" It is doubtless true, as said by appellant's counsel, that in cases of special assessments there is no such thing as a fiscal year, as in general taxation, and as there is nothing in the statute expressly indicating the year for which an assessment can be said to have been made, that fact can only be determined by construction. Nevertheless, appellant being required to state in his notices "for what year specially assessed," was bound to state that fact correctly, as ascertained by a proper interpretation of the various sections of the statute relating to special assessments.

The quære is made, shall the year be fixed from the date of the passage of the ordinance, or the time of the recording of the petition in court, or the date of the return of the assessment roll made by the commissioners, or the date of the judgment of confirmation of the proceedings, or the date of the warrant for the collector. If either of the last two dates be adopted, then the assessment in this case would be for the year 1886, the judgment of confirmation being rendered January 21, 1886, and the collector's warrant issued the 27th of that month. All the other steps in the assessment were in the year 1885. But it is contended that it can not be an assessment for that year, because it was not fully completed, nor could be collected, until the following year, 1886. It is very clear that, as generally understood, the assessment is the act

of the commissioners appointed for the purpose of making it. It is their duty to make the assessment and return an assessment roll to the court appointing them. That was done in this case in the year 1885. They are also required to notify. owners of the amount their premises are assessed, and the term of the court to which their return will be made. The mere fact that the court must make an order confirming the action of the commissioners, does not make it an assessment by the court of the date of such order. If it appeared that the court had modified, altered, changed, or caused the assessment to be re-cast, as it might have done, it could properly be called an assessment for the year in which such change was made, otherwise it is an assessment for the year in which the commissioners' certificate of their assessment to the court bears date. The precept on which the sale was made expressly states that the premises were delinquent for a special assessment for the year 1885, and for that reason, as well as for the reasons before stated, the notices should have stated that the purchase was make for the delinquent special assessment, etc., for the year 1885, instead of 1886.

Another fatal objection to the notice is the failure to correctly state when the time of redemption would expire. That part of the notice is as follows: "And the time of redemption thereof from said sale will expire on the 2d day of September, A. D. 1888, and said last named date being Sunday, redemption can be made on or before Monday, the 3d day of September, A. D. 1888." The 2d day of September, A. D. 1888, being Sunday, the time for redemption did not expire on that day. (*Gage* v. *Davis*, 129 Ill. 236.) A tax deed issued on a notice incorrectly stating the day on which the redemption expires, is void. "The title to be made under a tax deed is one *stricti juris.*" Therefore a non-compliance with anything the law makes a condition precedent to the right to have a deed, is fatal, and the court will not look to see whether the

omission has misled or injured any one or not. *Wisner et al.* v. *Chamberlin*, 117 Ill. 568. See, also, *Gage* v. *Davis, supra.*

It is said, however, that the notice in this case did inform parties interested that redemption could be made on or before Monday, the 3d. The requirement of the statute is not that the parties giving the notice shall fix a time within which a redemption will be allowed, but makes it his imperative duty to state "when the time of redemption will expire." This notice amounts to no more than saying, that inasmuch as the time of redemption expires on Sunday, a redemption will be allowed on or before the following Monday. Suppose it had said the time of redemption will expire on the 2d day of September, but that day being Sunday, redemption can be made on or before the following Tuesday, or any other future day, would it have been more objectionable than it now is? There is here but one attempt to state when the redemption will expire, and in that attempt a wrong date is given. If it were a question as to whether parties interested were misled to their injury by this mistake, there would be force in the argument of appellant's counsel on this point; but our inquiry must be confined to the naked question, has the statute been complied with.

We do not deem it important to consider other questions raised and argued on this record.

For the reason stated, appellant's tax deed vested no title in him, and the judgment of the circuit court is right, and must be affirmed. *Judgment affirmed.*

Subsequently, at the October term, 1891, upon an application for rehearing, the following additional opinion was filed:

Per CURIAM: On petition for a rehearing in the foregoing case, counsel for appellant insists that the order of the county court did modify the assessment on which his tax title is based, and therefore, in conformity with our opinion, such assessment should be held "a special assessment for the year 1886."

The contention heretofore has been, that the date of the order confirming the assessment roll returned by the commissioners, or the date of the warrant for the collector, should fix the year in which the assessment was made, making no claim that in this case the court did "modify, alter, change or annul" the assessment as returned by the commissioners. It appears from the record that the county court, by its order, after stating that the objectors had withdrawn their objections, proceeded as follows: "And thereupon, it appearing to the court that the commissioners appointed to make said assessment have complied with all the requirements of the law, it is ordered and adjudged by the court that said assessment roll be and it is hereby confirmed as to eighty-four per cent of said assessment."

Section 149 of the statute under which the special assessment proceedings were had, gives the court power, on the coming in of the commissioners' report, to "modify, alter change or annul any assessment, or cause the same to be recast," and may appoint other commissioners for the purpose of "making, modifying, altering, changing or re-casting such assessment." Manifestly, under this section such proceedings may be had as to entirely annul the action of the first commissioners, and make the assessment the act of the court or newly appointed commissioners; and we hold, in such case the date of the judgment of the court or report of such new commissioners would determine the year in which the assessment should be treated as having been made, the question being, when was it made,—not, when was it confirmed. Here the report of the commissioners made in 1885, showing what portion of the total cost of the improvement would be of benefit to the public and what portion thereof would be of benefit to the property to be benefited, and their assessment of the same between the town and such property, and also their assessment of the amount found by them to be of benefit to the property, upon the several lots, etc., in the proportion in which

they would be severally benefited by the improvement, was confirmed, the only change made being a reduction of the entire amount assessed. The report of the commissioners remained the basis of all subsequent proceedings, and its date is the date of the assessment.