## BENNETT V. MOORE.

Under Code Civ. Proc. § 55, providing that, whenever a person having color of title to vacant and unoccupied land shall have paid all taxes assessed thereon for 10 successive years, he shall be adjudged the legal owner of the land to the extent of his paper title, one, to be entitled to the protection of the limitation, must not only have paid taxes for 10 successive years, but at least 10 successive years must have elapsed after the execution of the deed to him and before the commencement of the action.

(Opinion filed June 1, 1904.)

Appeal from the circuit court, Hand county; Hon. LORING E. GAFFY, Judge.

Action by Mattie L. Bennett against James A. Moore. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*S. A. Keenan*, for appellant.

*Crawford & Taylor*, for respondent.

CORSON, P. J. This action involves the construction of section 55 of the Code of Civil Procedure, which reads as follows: "Whenever a person having a color of title, made in good faith, to vacant and unoccupied land, shall have paid all taxes legally assessed thereon for ten successive years, he shall be deemed and adjudged to be the legal owner of the said vacant and unoccupied land to the extent and according to the purport of his paper title. * * *"

The respondent claimed title to the property under a tax deed and the payment of taxes for ten successive years. His tax deed bears date of January 24, 1894, and this action was commenced on March 5, 1903, less than ten years from the date

of the tax deed.    It is claimed by the respondent that immediately after the tax deed was issued to him, apparently vesting in him the title to the property he paid the taxes upon the same assessed for the year 1893, and that, including that payment, he has paid the taxes for ten successive years prior to the commencement of this action, under color of title in good faith.    This view seems to have been sustained by the learned circuit court, and the respondent was held and adjudged to be the legal owner of the property to the extent and according to the purport of his tax deed.    The court's eighth and ninth findings are:    "That, under color of his title and that of his said grantor, the defendant and his grantors, prior to the commencement of this suit, paid the following sums, at the dates hereinafter set forth, into the office of the county treasurer of said county, in satisfaction and payment of the taxes assessed and levied thereon for the years hereinafter named:    Year 1893, amount, $18; date of payment, January 25, 1894.    *   *   * (9) The court further finds that said land is vacant and unoccupied, and that the defendant and his grantors in good faith had paid the aforesaid taxes under color of title and claim of possession for the period of ten years, as aforesaid, immediately preceding the commencement of this suit, the same having been legally assessed thereon for the years 1893" to 1902, inclusive; and concludes that the respondent is the owner of the land in controversy, and entitled to the possession thereof, and that the claim of the plaintiff to said land is without foundation and barred by the said statute of limitations.

It is contended by the appellant that the two essential requirements of the statute, namely, color of title, and payment of taxes for the period of 10 years constituting the limitation,

did not exist in this case, and that in fact only 9 years intervened between the execution of the tax deed to the respondent and the commencement of the action, and therefore the respondent was not entitled to the benefit of the statute.   Respondent insists, however, that, notwithstanding the full 10 years had not elapsed between the execution of the tax deed and the commencement of the action, the respondent is within the statute, for the reason that the payment of taxes for the year 1893 was made after the title had become vested in him, and that there was therefore a payment for the full ten years as required by the statute. . We are inclined to agree with the appellant in her contention, and to hold that the party, to be entitled to the protection of the limitation prescribed by the statute, must not only pay taxes for ten successive years, but that at least ten successive years must have elapsed after the execution of the deed and before the commencement of the action.   The statute in effect provides for a forfeiture of the property of the former owner when he fails for ten years to pay taxes upon the same and the title is vested in another party having color of title in good faith who pays the same for ten successive years, and should therefore be strictly construed. It would seem essential that the party paying the taxes and claiming the benefit of the statute should have color of title in good faith during all the ten years in which the taxes are being assessed and paid, and that the two must exist together.   Our statute is substantially the same as the statute of Illinois upon this subject, enacted in 1839, with the exception that the time fixed in the Illinois statute is seven years, instead of ten, as prescribed in our statute.   The Supreme Court of that state has rendered a number of decisions construing that statute, the

last of which called to our attention is the case of Harrell v. The Enterprise Savings Bank (decided in December, 1899) 183 Ill. 538, 56 N. E. 63. In that case the Supreme Court of that state held: "A defense based on a tax deed as color of title and payment of taxes for seven years cannot be made unless such period had intervened between the date of the execution of the tax deed and the day on which suit was brought." In the opinion the court says: "Appellee insists that it has been in possession under color of title and payment of taxes for a period more than seven years. Appellee's tax deed was made on April 24, 1890, and this action was commenced in November, 1896. * * * Seven years had not elapsed from the date of the execution of the deed until the commencement of this suit. Appellee, however, contends that, inasmuch as Haliday was entitled to a deed June 25, 1889, the color of title existed from that time, and that the deed subsequently delivered had relation back to the time appellee's grantor became entitled, by virtue of the certificate of purchase, to a deed. A certificate of purchase issued on a tax sale does not constitute color of title, and a tax deed subsequently issued on such certificate of purchase will not relate back so as to constitute color of title existing before the actual execution of the deed. Dunlap v. Daugherty, 20 Ill. 398; Bride v. Watt, 23 Ill. 507. Seven years must intervene between the date of the execution of the deed and the day on which suit was brought before a defense can be made based on color of title. Smith v. Prall, 133 Ill. 308 (24 N. E. 521)." This construction of the statute meets with our approval, and gives its provisions not only a reasonable and fair construction, but one calculated to definitely fix the time when the bar of the statute commences to run, and from which

the payment of taxes for ten successive years must be computed. The learned circuit court, therefore, erred in giving to the respondent the benefit of the payment of taxes for the year 1893, which had been assessed and levied prior to the execution of the tax deed to the defendant.

The judgment and order denying a new trial are reversed.