### Jackson v. Bailey.

1. The recording act does not operate as to tax deeds so as to cure jurisdictional defects in the assessment roll.

2. Under Rev. Code Civ. Proc. sec. 55, conferring title on one possessing color of title to land and paying taxes in good faith for 10 successive years, no rights were acquired by plaintiff where the tax deed on which he relied was issued to his grantor, September 19, 1896, and his action to quiet title, based on the deed, was commenced September 20, 1900.

(Opinion filed July 6, 1905.)

Appeal from circuit court, Beadle county; Hon. Loring E. Gaffy, Judge.

Action by Wellington Jackson against John M. Bailey. Judgment for defendant, and plaintiff appeals. Affirmed.

*H. S. Mouser*, for appellant.

*Campbell & Taylor*, for respondent.

Fuller, J. This action to quiet title, based on a tax deed regular upon its face, and recorded three years, was defeated by proof of what appellant, with commendable frankness, concedes to be jurisdictional defects of the description in the assment roll, as follows:

| Section or Lot. | Town or Block. | Range. |
|---|---|---|
| N. E. 34 | 127 | 66 |

In Moran v. Thomas et al. (decided at this term) 104 N. W. 212, it is held by a majority of this court that the recording act does not operate to cure jurisdictional defects. That case is decisive of the point here presented.

The tax deed relied upon was issued to plaintiff's grantor September 19, 1896, and, as the action was commenced September 20, 1900, no rights were acquired under section 55 of the Revised Code of Civil Procedure, which confers title upon a person possessing color of title and paying taxes in good faith for 10 successive years. This court recently held, in Bennett v. Moore, 18 S. D. 109, 99 N. W. 855, that a certificate of purchase issued on a tax sale constitutes no color of title, and that the statutory limitation is not effective unless 10 years intervene between the execution of the deed and the commencement of the action.

The judgment appealed from is affirmed.