CHARLES A. STALLINGS, Appellee, vs. JACOB GLOS et al.—
(EMMA J. GLOS, Appellant.)

*Opinion filed December 22, 1915.*

1. REGISTRATION OF TITLE—*grantee of holder of tax deed is entitled to amount of taxes paid by her.* Where the holder of a tax deed conveys an undivided one-hundredth part of the premises to his wife, the latter's deed cannot be set aside without re-payment to her of the taxes which she has paid.

2. SAME—*when fact that defendant offered no evidence of her interest is not material.* The fact that the holder of a deed to an undivided one-hundredth part of the premises has offered no evidence of her interest does not defeat her right to re-payment of the taxes paid by her if the applicant himself introduces evidence showing the title claimed by her.

3. SAME—*effect when decree requires applicant to pay all costs.* Where a decree granting initial registration of title provides that the applicant shall pay all costs, including such costs as may be taxed in favor of certain named defendants, the fact that one of the defendants is not specifically named does not relieve the applicant from the payment of her costs.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

PAYNE & PAYNE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county made an order registering the title in fee simple of Charles A. Stallings to two lots in Chicago. Jacob Glos, Emma J. Glos and August A. Timke were made defendants to the application and answered. Emma J. Glos alone appealed from the decree and insists that the amount allowed her as reimbursement for taxes paid is insufficient. This appeal involves the sum of $2.46.

Jacob Glos had a tax deed of the premises, and the decree provided that there should be paid to him, or to whomsoever might appear to be entitled thereto, certain payments made by him, amounting to $113.75. He had made a quit-claim deed to the appellant of an undivided one-hundredth interest in the premises, and after the execution of the deed she had made payments of taxes at different dates, amounting, in the aggregate, to $2.46. As grantee of Jacob Glos she became the assignee of a one-hundredth part of her grantor's rights under the tax deed. (*Glos* v. *O'Toole,* 173 Ill. 366; *Glos* v. *Mulcahy,* 210 id. 639.) Her title could not be set aside as a cloud upon the appellee's title without re-payment of the taxes which she had paid. *Smith* v. *Prall,* 133 Ill. 308.

Appellee insists that the appellant offered no evidence of her interest in the property and for that reason cannot recover the taxes paid. It is true that she did not offer her deed in evidence, but the appellee himself offered an abstract of title in which her deed appeared, and the examiner found that "a deed was filed for record in the recorder's office of Cook county, Illinois, dated October 17, 1912, from Jacob Glos to Emma J. Glos, purporting to convey an undivided one-hundredth part of lots 2 and 3 in block 5, as described in the application herein, and that the defendant, Emma J. Glos, has made no proof before me, nor offered to make any, of her interest in the premises aforesaid, other than the deed to her from the said Jacob Glos shown in the abstract of title, being applicant's Exhibit 2." Since the evidence offered by the applicant showed the title claimed by the appellant it was not necessary for her to prove it.

It is further objected to the decree that it does not require the appellee to pay the appellant's costs. The decree provides that the applicant shall pay all the costs of the proceedings, including such costs as may be taxed in favor of the said defendants, the city of Chicago, Jacob Glos and August A. Timke. Since the decree requires the applicant

to pay all the costs, the omission of the name of the appellant from the defendants specifically named does not excuse the applicant from the payment of her costs.

The judgment is reversed and the cause remanded, with instructions to the circuit court to modify its decree so as to require the applicant to pay to the appellant the sum of $2.46, with five per cent interest from the time the payments were made.

*Reversed and remanded, with directions.*