EMMA J. GLOS

*v.*

LUKE O'TOOLE.

*Opinion filed June 18, 1898.*

1. CLOUD ON TITLE—*what is not sufficient proof of allegation of possession.* Proof that complainant in a bill to set aside a tax deed as a cloud was in possession of the premises at the time of the hearing before the master, some eight months after the bill was filed, does not tend to prove a material controverted allegation of possession at the time of the filing of the bill.

2. DEEDS—*quit-claim deed is an assignment of grantor's rights.* On setting aside a tax deed, and a subsequent quit-claim deed based thereon, the court should direct the re-payment of taxes, interest and costs to the quit-claim grantee, as the quit-claim deed amounts to an assignment of all the grantor's rights under the tax deed.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

ENOCH J. PRICE, for appellant.

M. H. HOEY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a bill in chancery to set aside a tax deed, under a tax sale to Jacob Glos, of lots 10 and 11, in Newberry's subdivision, etc., in Chicago. Jacob Glos, and Emma, his wife, were made parties defendant. General demurrers were interposed by them to the original bills, which were sustained. The complainant, appellee here, then filed an amended bill, alleging, among other things, his ownership of the property and that he was in possession of the same. Separate answers were filed to the amended bill, in which both defendants denied the alleged title of complainant and also that he was in possession of any part of the said premises. On a report of the master, to which exceptions were overruled, the court below entered a decree setting aside the alleged tax deed, and also a quit-claim deed

from Jacob Glos to his wife, Emma Glos, this appellant, and decreed that the sum of $95.82, the amount of taxes, interest and costs due on setting aside the tax deed, should be paid to the defendant Jacob Glos. The defendant Emma J. Glos alone prosecutes this appeal, and urges two grounds of reversal: First, that there is no evidence in the record supporting the allegations of complainant's possession at the filing of his bill; and second, that the court erred in ordering the money expended for taxes, interest and costs on lot 11 to be paid Jacob Glos.

The only testimony offered by the complainant for the purpose of proving his possession was that of himself, which was taken before the master some eight months after the filing of the bill. He was asked this question: "You are in possession of the property, Mr. O'Toole?" and answered, "Yes, sir." He nowhere testified that he was in possession at the time of filing the bill, nor was any such question propounded to him. His evidence, therefore, does not tend to prove the material and necessary allegation that he was in possession at the bringing of his action. (*Johnson* v. *Huling*, 127 Ill. 14; *Glos* v. *Randolph*, 133 id. 197.) The first error is well assigned.

It was shown upon the hearing before the master that the defendant Jacob Glos had, prior to the filing of the original bill, quit-claimed all his interest in lot 11 in controversy to Emma J. Glos. The decree sets aside that quit-claim deed, but allows her nothing for taxes, etc., paid on that lot, for the reason, as is said, that all such payments were made by Jacob Glos prior to the conveyance. We think, on the answer and proof, the payments made on account of lot 11 should have been decreed paid to appellant. The quit-claim deed from Jacob Glos to her amounted to an assignment of all his right, of every kind, under the tax deed. *Smith* v. *Prall*, 133 Ill. 308; *Reed* v. *Tyler*, 56 id. 288.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*