### JACOB GLOS

*v.*

### LUKE O'TOOLE.

*Opinion filed February 19, 1900—Rehearing denied April 6, 1900.*

1. PRACTICE—*one joint defendant may appeal and use name of other.* Under section 70 of the Practice act one joint defendant may appeal from a decree which is a unit against both and use the name of the other defendant, and the case will be determined the same as if both had joined.

2. SAME—*effect of reversal for improper division of taxes and costs between defendants.* Where only one joint defendant appeals from a decree setting aside a tax deed, the reversal of the decree upon the ground ,that part of the taxes and costs deposited for one defendant should have been decreed to the other authorizes the complainant to withdraw such portion and re-deposit for the benefit of the appellant, without thereby subjecting his bill to dismissal on motion of the other defendant, where the amount remaining to the latter's credit covers his taxes and costs.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

ENOCH J. PRICE, for appellant.

M. H. HOEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee, O'Toole, brought his bill in the court below against the appellant, Jacob Glos, and his wife, Emma J. Glos, to set aside as a cloud on his title a tax deed to Jacob Glos conveying to him lots 10 and 11 of block 1, in

Newberry's subdivision of certain lands in Cook county, and a quit-claim deed from said Jacob to Emma J. Glos of said lot 11, and obtained a decree finding that the said deeds were null and void and a cloud on his title, and that he had tendered to appellant $100 dollars for taxes, interest and costs, which appellant had refused to accept, and that he, O'Toole, had paid the same into court to the clerk, for said Jacob Glos. Said deeds were by that decree set aside. From that decree Emma J. Glos alone appealed. This court reversed the decree and remanded the cause, (*Glos* v. *O'Toole*, 173 Ill. 366,) because (1) the complainant did not make sufficient proof of possession; and (2) because the allowance for taxes on account of lot 11 should have been decreed to Emma J. Glos. When the case was re-docketed, the complainant, by leave of court, withdrew $43 of said $100 deposited with the clerk, leaving $57 for appellant, which was adjudged sufficient for the taxes, interest and costs paid on lot 10. O'Toole also paid to the clerk, for Emma J. Glos, $48 for taxes, etc., paid on account of lot 11. The appellant, Jacob Glos, moved the court to dismiss the bill as to him, but the court overruled the motion, and also overruled the exceptions to the master's report, and entered a decree setting aside for the second time said tax deed and said quit-claim deed. From this decree each of the defendants prayed and was allowed an appeal to this court, but Jacob Glos only perfected his appeal. His principal contention is, that as he did not join in the first appeal the first decree remained in full force as to him and was reversed only as to Emma J. Glos, who was the sole appellant in that appeal, and that he is entitled to the whole of the $100 paid to the clerk for him in accordance with said first decree, and that as the complainant had withdrawn a portion of the money decreed to him, the court should have granted his motion and dismissed the bill.

Section 70 of the Practice act provides, (Hurd's Stat. 1889, p. 1020,) that "in all cases where a judgment or decree

shall be rendered in any circuit court, or in the superior court of Cook county, or in any city court, in any case whatever, either in law or in chancery, against two or more persons, either one of said persons shall be permitted to remove such suit to the Appellate Court, by appeal or writ of error, and for that purpose shall be permitted to use the names of all of said persons, if necessary; but no cost shall be taxed against any person who shall not join in said appeal or writ of error. All such cases shall be determined in said Appellate Courts, as other suits are, and in the same manner as if all the parties had joined in such appeal or writ of error."

The decree was a unit against both defendants, setting aside not the quit-claim deed only, but the tax deed under which both claimed, and when it was reversed it was reversed not as to one, but altogether. (*Glos* v. *O'Toole, supra;* see, also, *Montgomery* v. *Brown,* 2 Gilm. 581; *Tompkins* v. *Wiltberger,* 56 Ill. 385; *Enos* v. *Capps,* 12 id. 255; *Rees* v. *City of Chicago,* 38 id. 322; *Pittsburg, Ft. Wayne and Chicago Railway Co.* v. *Reno,* 123 id. 273; *Mack* v. *Brown,* 73 id. 295; *Alling* v. *Wenzel,* 133 id. 264.) From such a decree or judgment separate appeals may be taken, but they must be heard together and not by piecemeal, and if only one appeals, the statute permits him to use the names of the other parties to the judgment or decree, and the case will be determined in the same manner as if all had joined. The first decree having been reversed, and the evidence showing that the amount ($57) tendered and paid to the clerk for appellant was sufficient to cover the taxes, interest and costs paid by him, and the accrued costs, there was no error in allowing O'Toole to withdraw the remainder of the $100 deposited in accordance with the first decree. No contention is made that the deeds were valid and should have been sustained.

Finding no error the decree is affirmed.

*Decree affirmed.*