200  411
d205 ⁶ 86

THE IROQUOIS FURNACE COMPANY

v.

C. W. ELPHICKE & CO.

*Opinion filed December 16, 1902.*

1. PRACTICE—*the Appellate Court need not find facts not controverted.* A recital of facts in a judgment of the Appellate Court reversing a judgment in favor of the defendants in an action for breach of a written contract need not contain a finding that the contract was executed, where that fact was not controverted.

2. SAME—*what a sufficient finding of breach of contract.* A finding in the Appellate Court's judgment that "appellant's vessels were delayed by the fault of the appellees in all forty-six days," is a sufficient finding that there was a breach of a contract which provided for "quick dispatch in loading and unloading."

3. SAME—*what sufficient finding that breach of contract was not waived.* A finding in a judgment of the Appellate Court reversing a judgment for the defendants in an action for breach of contract, that the appellant has suffered damages to a certain amount which he is entitled to recover, is a sufficient finding that alleged breaches of contract were not waived.

4. SAME—*right of the appellant to assign error on trial court's rulings where Appellate Court reverses without remanding.* If the Appellate Court reverses a judgment in favor of the defendant without remanding the cause, upon further appeal to the Supreme Court the appellant may assign error on rulings of the trial court alleged to be to his prejudice, since, the judgment being in his favor in the trial court, he could not have complained in the Appellate Court.

5. SAME—*when Appellate Court need not remand when reversing for errors of law.* The rule requiring the Appellate Court to remand where it reverses for errors of law need not be enforced unless such errors might be obviated on another trial.

6. SAME—*when Appellate Court may enter judgment.* On reversing a judgment for the defendant in a case tried by agreement, without a jury, the Appellate Court may render judgment if the law applied to the facts found by that court necessitates such judgment, and it can be ascertained from such facts what judgment should have been rendered by the trial court.

7. EVIDENCE—*when error in allowing a witness to use memorandum is immaterial.* Alleged error in permitting a witness to refer to a memorandum is immaterial where the case was tried without a jury and the facts testified to by such witness from the memorandum are independently established by other testimony.

8. CARRIERS—*delivery of cargo and collection of freight not a waiver of claim for demurrage.* The delivery of cargo and the collection of freight charges are not a waiver of a claim of the carrier for damages for unreasonable delay on the part of the shipper in loading and unloading vessels.

*Elphicke & Co.* v. *Iroquois Furnace Co.* 102 Ill. App. 138, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This is an action of assumpsit, brought by appellees, C. W. Elphicke & Co., against the appellant, the Iroquois Furnace Company, to recover damages for an alleged breach of contract. The contract was in writing, and was executed in February, 1891. The original declaration was filed on September 7, 1892. To the original declaration the plea of general issue was filed. On February 13, 1901, two additional counts were filed. To these additional counts the plea of the general issue was filed, and also a plea of the five years' Statute of Limitations, that is to say, a plea, alleging that the causes of action, set up in the additional counts, did not accrue within five years next before the filing of the same. To the plea of the Statute of Limitations, filed by the defendant below, the plaintiffs below filed a replication, setting up that the cause of action in the additional counts was based upon a written contract, and that, therefore, the same accrued to the plaintiffs within ten years before the filing of said counts. A demurrer was filed by the defendant to said replication of the plaintiffs. This demurrer was overruled, and the defendant below elected to stand by its demurrer.

The cause went to trial upon the pleadings as thus stated; and, jury having been waived, the cause was submitted to the court, and tried by agreement without a jury. The plaintiffs below presented to the court seven

propositions to be held as law in the decision of the case. Of these, propositions numbered 1 and 2 were held by the court, and the others were refused. The defendant below submitted no propositions of law.

The trial court found the issues for the defendant, and entered judgment against the plaintiffs below for costs, after overruling motion for new trial. An appeal was taken to the Appellate Court. The Appellate Court reversed the judgment of the circuit court without remanding the cause, and entered judgment in favor of the plaintiffs below for $3727.50, embodying a finding of facts in the judgment. The present appeal is prosecuted from the judgment, so entered by the Appellate Court.

At Chicago, on February 6, 1891, C. W. Elphicke & Co., plaintiffs below and appellees here, addressed to S. Frank Eagle, the president of the appellant company, the following letter: "In pursuance of our talk and understanding with you at our office on the 5th inst., we propose to freight the 60,000 tons of ore for your furnace at South Chicago at prices agreed upon, to-wit: From Escanaba, 50 cents per gross ton; from Marquette, 95 cents, and from Ashland or Two Harbors, $1.05, free on board vessel except trimming, and the unloading to be free of expense to vessel. In view of the low rates given you, it must be understood that vessels shall have quick dispatch in loading and unloading. It is further agreed, should you decide to put in more ore, we are to freight the same at the rate of freight and conditions as above; ore to be freighted between the opening of navigation and the 30th of October next, or as we may agree." To this letter, at Youngstown, Ohio, on February 22, 1891, the appellant, the Iroquois Furnace Company, by its said president, returned the following answer, to-wit: "Your favor of the 6th inst. duly received. Your statement of agreement for carrying ore is correct and we confirm the same. Since meeting your Mr. Fitch, we have let the contract for Champion hoist, and work of erection begins

next Monday." The proof shows that in 1891 the opening of navigation was on April 20.

The original declaration consisted of one special count upon the written contract above set forth, and also the consolidated common counts. The special count of the declaration alleged that the plaintiffs submitted to the defendant the written proposition embodied in the letter of February 6, 1891, and that the defendant accepted the proposition. The declaration also avers that defendant below, appellant here, agreed with plaintiffs to commence to furnish them with said ore for transportation at the opening of navigation for the season of 1891 at the times and places above mentioned, and to give plaintiffs prompt dispatch in the carrying, loading and unloading of said ore; that plaintiffs were ready, at the opening of navigation for said season, to perform and carry out their agreement, but that defendant did not furnish the ore as required by the contract, but for three months failed to furnish the same and to give the vessels of plaintiffs prompt dispatch in the carrying and transportation of same, as required by the agreement, and delayed the loading of said vessels at the places aforesaid and the unloading of the same at the place of destination, and did not give the vessels of plaintiffs prompt dispatch according to the tenor and effect of said agreement, to the damage of the plaintiffs in the sum of $15,000.00.

DEFREES, BRACE & RITTER, for appellant:

The finding of the Appellate Court does not sustain its judgment. It does not find upon all the issues. It does not find that there was a breach of the contract sued on and does not pass upon two material defenses urged in the trial court, viz., (*a*) that there had been a waiver or satisfaction of the alleged breach and damages on account thereof, and (*b*) that the claim of appellees is barred by limitation. To support the judgment the find-

ing must include every material issue submitted to the trial court. *Insurance Co.* v. *Scammon*, 123 Ill. 601; *Neer* v. *Railroad Co.* 138 id. 29; *Hogan* v. *Chicago*, 168 id. 551; *Hayes* v. *Insurance Co.* 125 id. 626; *Hawks* v. *Railroad Co.* 138 id. 37.

The findings must be included in the judgment, and this court cannot look to the opinion of the Appellate Court for the purpose of determining what questions were decided by it. *Coalfield Co.* v. *Peck*, 98 Ill. 139; *Cummins* v. *Holmes*, 109 id. 15; *Pennsylvania Co.* v. *Versten*, 140 id. 637.

Notwithstanding the controversies over delays, the appellees continued to present bills apparently covering all freights and charges, and to receive and accept the amount thereof and to receipt in full therefor, and thereby elected to treat such payments as a satisfaction of all damages. *Ostrander* v. *Scott*, 161 Ill. 339; *Daniels* v. *Wilber*, 60 id. 52; *Walsh* v. *Hettinger*, 58 Ill. App. 619.

Errors prejudicial to appellant intervened in the trial court, and these errors were such as to have necessarily affected and influenced the finding in the Appellate Court. This court has the power to go behind the judgment of the Appellate Court and determine whether errors prejudicial to appellant are contained in the record of the trial court. *Railroad Co.* v. *Pennell*, 110 Ill. 435; *Cicero* v. *Shackley*, 164 id. 513; *Seeberger* v. *McCormick*, 178 id. 404.

C. E. KREMER, and C. W. GREENFIELD, for appellees:

The findings of fact by the Appellate Court incorporated in its final judgment are the ultimate facts as set up in the pleadings. The Appellate Court is not required to find the merely subordinate or evidentiary facts which contribute to the establishment of the ultimate facts. The ultimate facts are sufficient. *Brown* v. *Aurora*, 109 Ill. 165; *Insurance Co.* v. *Pulling*, 159 id. 603; *Huyett & Smith Co.* v. *Edison Co.* 167 id. 233; *Davis* v. *Edison Co.* 195 id. 31; *Papke* v. *Hammond Co.* 192 id. 631; *Hogan* v. *Chicago*, 168 id. 551.

The only question which the court can consider is whether the judgment of the Appellate Court is war-

ranted by its findings of fact. *Town of Bristol* v. *Town of Fox*, 159 Ill. 500; *Manistee Lumber Co.* v. *Bank*, 143 id. 490; *Hogan* v. *Chicago*, 168 id. 551; *Davis* v. *Edison Co.* 195 id. 31.

The delivery of cargo and collection of freight money is not a waiver of claim for demurrage. *Durchman* v. *Dunn*, 101 Fed. Rep. 606; 106 id. 950.

It is apparent that the Appellate Court reversed the judgment of the trial court on findings of fact, and not on account of any erroneous rulings on any questions of law that arose on the trial, otherwise the Appellate Court would have remanded the case for a new trial. *Siddall* v. *Jansen*, 143 Ill. 537; *Busenbark* v. *Saul*, 184 id. 343; *Supple* v. *Agnew*, 191 id. 439.

The rule which requires a cause to be remanded by the Appellate Court when reversed on account of erroneous rulings of the trial court on questions of law, applies only to cases where the result in the trial court has been affected or influenced by such erroneous rulings. *Senger* v. *Harvard*, 147 Ill. 304.

A variance between pleading and proof is fatal only where the averment is descriptive of the cause of action and is not severable. It is sufficient if a part, only, of the averment is proved, provided that part shows a cause of action. *Hicks* v. *Silliman*, 93 Ill. 255.

An allegation which may be stricken out as surplusage without impairing or changing the legal effect of the declaration need not be proven. A failure to prove such immaterial averment does not constitute a variance. *Barnes* v. *Trust Co.* 169 Ill. 112; *Burnap* v. *Wright*, 14 id. 301; *Insurance Co.* v. *Kellogg*, 82 id. 614.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

Upon the trial of this case in the circuit court before the court without a jury, the finding and judgment were in favor of the present appellant, the defendant below. Upon appeal to the Appellate Court, that court reversed

the judgment in favor of the appellant, and entered an original judgment in favor of the present appellees, who were the plaintiffs below. The judgment of the Appellate Court, after the usual formal recital, was as follows: "Therefore it is considered by the court that for that error and others in the record and proceedings aforesaid, the judgment of the circuit court of Cook county in this behalf rendered be reversed, annulled and set aside and wholly for nothing esteemed. The court finds that appellants' vessels were delayed by the fault of appellee in all forty-six (46) days, and appellants suffered damages for such delay to the amount of three thousand seven hundred twenty-seven and 50/100 ($3727.50) dollars, and it is further considered by the court that the said appellants recover of and from the said appellee the sum of three thousand seven hundred twenty-seven and 50/100 ($3727.50) dollars, and their costs by them in this behalf expended, to be taxed, and that they have execution therefor."

The Appellate Court has recited in its final judgment the facts, as found by it, and has, therefore, made a finding of the facts concerning the matter in controversy in the suit different from the finding of the circuit court. This being so, the judgment of the Appellate Court is final and conclusive as to the matters of fact in controversy. The facts, so found by the Appellate Court and incorporated in its final judgment, must be the ultimate facts as set up in the pleadings, and not the merely subordinate or evidentiary facts which contribute to the establishment of the ultimate fact or facts. (*Brown* v. *City of Aurora*, 109 Ill. 165; *Travelers' Ins. Co.* v. *Pulling*, 159 id. 603; *Davis* v. *Chicago Edison Co.* 195 id. 31; *Hogan* v. *City of Chicago*, 168 id. 551). The question then is, whether the judgment of the Appellate Court is warranted by its finding of facts. (*Town of Bristol* v. *Town of Fox*, 159 Ill. 500; *Hogan* v. *City of Chicago, supra; Davis* v. *Chicago Edison Co. supra; Manistee Lumber Co.* v. *Union Nat. Bank*, 143 Ill. 490).

The appellant here contends that the finding of the Appellate Court does not sustain its judgment, upon the alleged ground that it does not make a finding upon all the issues made by the pleadings, and raised by evidence properly admissible under the pleadings. In support of this contention, cases are referred to, holding that the finding of the Appellate Court, in order to support its judgment, must include every material issue submitted to the trial court. (*Commercial Ins. Co.* v. *Scammon*, 123 Ill. 601; *Neer* v. *Illinois Central Railroad Co.* 138 id. 29; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* id. 37; *Hogan* v. *City of Chicago, supra; Hayes* v. *Massachusetts Mutual Life Ins. Co.* 125 Ill. 626). It is said that one of the issues was, whether the parties made the contract offered in evidence, and that the judgment makes no finding upon this issue. In reply to this it may be said, that there was no controversy between the parties as to the execution of the written contract, and, therefore, a finding upon that subject was unnecessary. It is also said that issues were made, upon the trial below, upon the following questions: whether there was a breach of the contract by appellant; whether the appellees suffered damages, and if so, to what amount, by reason of such breach; whether there was a waiver of the alleged breaches, or satisfaction of the damages, by the acts and conduct of the parties; and whether the claim of appellees is barred by the Statute of Limitations.

' It is conceded that the finding, embodied in the judgment, states the amount of damages suffered by appellees; and very clearly it also recites that "appellants (appellees here) suffered damages" for the delay alleged in the declaration. Embodied in the finding, "that the appellants' vessels were delayed by the fault of appellee in all forty-six (46) days," is the finding that there was a breach of the contract by the present appellant. The contract was, that the vessels of appellees should have "quick dispatch in loading and unloading." This involved

the guaranty, or agreement on the part of the present appellant, that there should be no unreasonable delay in the loading of the vessels at the points from which the ore was to be shipped, or in the unloading of the vessels at the destination of the cargoes in South Chicago. Unnecessary and unreasonable delay in this regard, if caused by the present appellant, was therefore a violation of the contract; and, consequently, the finding of facts, embodied in the judgment, amounts substantially to a statement that there was a breach of the contract. The finding of the facts in the judgment is also a finding that there was no waiver of the alleged breaches, because, if there had been a waiver of the breaches, appellees could not be entitled to any amount on account of damages.    But, upon an examination of the testimony, we do not find that any such issue as a question of waiver is raised by the proofs in the case. There may have been a question of law as to the existence of a waiver, arising out of some of the documentary evidence, which will be referred to hereafter.

As to the issue, whether the claim of appellees was barred by the Statute of Limitations, that issue arose upon a demurrer to a replication to the Statute of Limitations as filed to the matters and things set up in the additional counts of the declaration.    Whether or not the trial court erred in overruling the demurrer to the replication is immaterial, and, if there was error in this respect, it was harmless error.    The written contract, upon which the appellees sought to recover under the special count of their declaration, was properly introduced in evidence, and, with the proof of its breach, sustains the judgment of the Appellate Court, irrespective of the question whether the cause of action, set up in the additional counts, was barred by the Statute of Limitations, or not.    We are, therefore, of the opinion that, while the finding of facts in the judgment of the Appellate Court is not as full and explicit as it might have

been, yet it includes the material issues submitted to the trial court, and substantially states the ultimate facts, as set up in the pleadings.

Appellant insists that the finding, set forth in the judgment of the Appellate Court, is not responsive to the issues, because of the use of the word "fault" in the finding of facts. It is said that, because of the use of this word, the finding is based upon tort when the action is in assumpsit. The word, "fault," as here used, has not the meaning, which the word has, when used to designate the wrong committed in an action of tort. It is merely a statement that the appellant failed to furnish quick dispatch in loading and unloading as called for by the contract. By saying that the vessels of the appellees were delayed by the fault of the appellant, the Appellate Court in its judgment merely says that the vessels of the plaintiffs were delayed by reason of the failure of the defendant to give them quick dispatch in loading and unloading, as required by the provisions of the contract.

It is furthermore contended by the appellant, that errors of law, prejudicial to appellant, intervened in the trial court, and that these errors were such as necessarily affected and influenced the finding of the Appellate Court. The position, taken by appellant's counsel upon this branch of the case, is that the appellant did not and could not assign error in the Appellate Court upon the rulings against it, made in the trial court, because the final judgment of the trial court was entirely in favor of the appellant, and it was not, therefore, in a position to complain of that judgment; that it could not complain of rulings against it, which were harmless, so long as the final judgment was in its favor; that here, however, the situation is changed, and the rulings upon preliminary questions, as well as the final judgment, are complained of; that appellant is entitled to a review by this court of such rulings, made by the trial court to the prejudice of appellant, as were materially erroneous.

This contention of appellant seems to be sustained by the holding of this court in *Seeberger* v. *McCormick*, 178 Ill. 407. In that case the facts were similar to the facts here. There the jury was waived and the cause submitted for trial to the court without a jury. There, propositions were asked by the plaintiff to be held as law in the decision of the case, but the court refused all of them; no propositions were asked by the defendants; and the court rendered judgment for the defendants; upon appeal by the plaintiff, the Appellate Court reversed the judgment and entered judgment against the defendants, and assessed the damages at $22,208.33. In the *Seeberger case* it was held that, where the Appellate Court, although agreeing with the trial court's conclusions from stipulated facts, reverses a judgment for defendant in a case tried without a jury and enters judgment on plaintiff's demand, the defendant, though he submitted no propositions of law below, may in the Supreme Court assign as an error of law that the Appellate Court has, in effect, upheld plaintiff's refused propositions of law; and it was also there held that, where the Appellate Court reverses a judgment for the defendant in a case tried without a jury on agreed facts, and enters judgment on plaintiff's demand, having drawn different conclusions from the agreed facts from those reached by the trial court, the question is presented to this court from the record itself, independently of the submission of propositions of law in the trial court, whether the facts found by the Appellate Court are sufficient in law to sustain its judgment.

Relying upon the rule, laid down in *Seeberger* v. *McCormick*, *supra*, the appellant insists that the findings and judgment of the Appellate Court have been affected or influenced by certain alleged errors committed by the trial court. The first error, claimed to have been committed by the trial court, is the admission in evidence of the contract sued upon. It is said that there was a fatal variance between the contract, set forth in the declara-

tion, and the written contract set forth in the statement preceding this opinion. Upon referring to the record we find that, while appellant objected to the introduction of the contract on the ground of a variance, the nature and character of the variance were not stated. If, however, it should be admitted that the objection sufficiently indicated the nature of the variance, we do not think that, on this account, the court erred in admitting the contract in evidence. The contract recited as follows: "Ore to be freighted between the opening of navigation and the 30th of October next, or as we may agree." The alleged variance is that the contract, set out in the special count of the declaration, was to the effect that the defendant agreed to commence furnishing ore to plaintiffs for transportation at the opening of navigation for the season of 1891, while, as it is insisted, the contract embodied in the letters, offered in evidence, was merely to furnish the ore at some time between the opening of navigation and the 30th day of October. This objection is not well taken, because it ignores the words "or as we may agree." The special count of the declaration correctly set forth the proposition as to the transportation of the ore and its acceptance. The further allegation, that there was a failure to furnish the ore for transportation at the opening of the season of navigation, was justified by the agreement made in pursuance of the words "or as we may agree."

It is further claimed that the trial court erred to the prejudice of appellant in overruling its demurrer to the plaintiffs' replication to its plea of the Statute of Limitations. It necessarily follows from the conclusion, that there was no variance between the special count and the contract offered in evidence, that the action of the trial court in overruling defendant's demurrer to plaintiffs' replication was harmless error.

It is also insisted by the appellant that the court below erred in permitting two witnesses, named Hausler

and Massey, to use certain memoranda to refresh their memories while giving their testimony. A witness, in giving testimony, may make use of a memorandum to refresh his memory. He may also make use of a copy of an original memorandum to refresh his memory, when it appears that the copy so used is an exact copy, and that the original has been lost. While, however, it is true that a witness may use the memorandum to refresh his memory, he must be able to say, after having referred to the memorandum to refresh his recollection, that he remembers the facts about which he has testified. (*Chicago and Alton Railroad Co.* v. *Adler*, 56 Ill. 344). Under the rule thus announced, the testimony of these witnesses was not objectionable. As to one of them, no exception was taken to the ruling of the court admitting his testimony. As to the other, exception was taken. But whether or not the court erred in permitting the witnesses to testify from the memoranda in question is immaterial, for the reason that there was other testimony introduced, which established the facts testified to by the witnesses from their memoranda, independently and outside of the testimony of such witnesses. Where a case is tried before the court without a jury, the admission of incompetent testimony will not justify a reversal of the judgment, if sufficient competent testimony was introduced to authorize the finding made by the court. (*Schroeder* v. *Harvey*, 75 Ill. 638; *Pardridge* v. *Ryan*, 134 id. 247).

Among the propositions of law submitted by the appellees to the trial court, which were refused by that court, was one requesting the court to hold that the delivery of the cargoes by the appellees to the appellant, and the acceptance by the appellees of the freight for carrying the same, did not constitute a waiver of any claim that appellees may have had at the time against the appellant, under the contract in evidence, for the detention of the ships with such cargoes on board, and before the same were fully discharged. By refusing this

proposition, as is claimed by the appellant, the trial court held substantially that the delivery of the cargoes and acceptance of the freight amounted to a waiver of any claim for delay in the loading and unloading of the vessels.   It is said that the Appellate Court must have differed with the trial court upon this subject, and must have held to the view that the delivery of the cargoes and the acceptance of freight did not amount to a waiver of the claim for detention of the vessels.   If such was the holding of the Appellate Court, it would seem to have been correct, as the authorities are that the delivery of cargo and collection of freight money is not a waiver of claim for demurrage.   (*Durchman* v. *Dunn,* 101 Fed. Rep. 606; *Same* v. *Same,* 106 id. 950; *Fire Ins. Ass.* v. *Wickham,* 141 U. S. 564; *Ryan* v. *Ward,* 48 N. Y. 204; *Garfield and P. Coal Co.* v. *Fitchburg Railroad Co.* 166 Mass. 119).   Evidently, the Appellate Court here reversed the judgment of the trial court on findings of fact, and not on account of any erroneous rulings on any questions of law that arose in the trial.   Otherwise, the Appellate Court would have remanded the cause for a new trial.   (*Siddall* v. *Jansen,* 143 Ill. 537; *Busenbark* v. *Saul,* 184 id. 343; *Supple* v. *Agnew,* 191 id. 439).   The rule, requiring the remandment of a cause by the Appellate Court when the judgment is reversed on account of erroneous rulings of the trial court on questions of law, need not be enforced, except in cases where the error of the trial court might be obviated on another trial.   In such case, it would be the duty of the Appellate Court to remand the cause for another trial.   (*Senger* v. *Town of Harvard,* 147 Ill. 304; *Hogan* v. *City of Chicago, supra*).   Where the trial has been by agreement before the court without a jury, resulting in a judgment for the defendant, the Appellate Court may not only reverse, but may also render judgment for the plaintiff, if the law, as applied to the facts found by that court necessitates such a judgment, and if it can be ascertained from the facts so found what judgment ought to have been rendered by

the court below.   (*Manistee Lumber Co.* v. *Union Nat. Bank,*
143 Ill. 490).  The result could not be different in the pres-
ent case, if the cause should be remanded to the trial
court because of the error of the trial court in holding
that the delivery of the cargoes and the acceptance of
freight amounted to a waiver.   Upon another trial, the
trial court would be obliged to hold that there was no
waiver upon the face of the bills of lading and receipts
for freight attached thereto.   There being no waiver,
judgment under the facts would be for the present ap-
pellees upon another trial, and, therefore, a remandment
by the Appellate Court was unnecessary.  The Appellate
Court was justified in here entering the judgment, which
it did enter, because it was easily ascertainable from the
facts found what judgment ought to be rendered by the
court below.

Accordingly, the judgment of the Appellate Court is
affirmed.                               *Judgment affirmed.*