JOHN SEYMOUR *et al.*

*v.*

THE O. S. RICHARDSON FUELING COMPANY.

*Opinion filed October 26, 1903—Rehearing denied December 2, 1903.*

1. PRACTICE—*when judgment may be taken against part of the joint contractors.* If one of the joint contractors establishes a personal defense to the suit, such as a discharge in bankruptcy, judgment may be rendered against the others without joining the bankrupt.

2. APPEALS AND ERRORS—*judgment against joint defendants must be reversed or affirmed as to all.* A money judgment rendered as a unit against all of the defendants must be affirmed or reversed as to all, and cannot be reversed as to one and affirmed as to the others.

3. SAME—*Appellate Court should remand if it reverses for errors of law.* In the absence of a recital of facts in the Appellate Court's judgment of reversal it is presumed the reversal was for errors of law, and in such case, if the trial was before a jury, the cause must be remanded.

4. SAME—*when Supreme Court will enter judgment nunc pro tunc.* If one of the parties to a suit dies before the announcement of judgment, which has been delayed by the court taking the case under advisement after the hearing has been regularly had, the court may direct the judgment to be entered *nunc pro tunc* as of the term at which the case was taken under advisement.

*Seymour v. Richardson Fueling Co.* 103 Ill. App. 625, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD P. VAIL, Judge, presiding.

This is an action in assumpsit, brought by attachment on the ground of the non-residence of a part of the defendants, and begun on or about April 18, 1898, by the O. S. Richardson Fueling Company, for use of Levi Windmuller, against John Seymour, Richard A. Seymour, Elwyn W. Seymour and Antoine E. Cartier, co-partners as Seymour Transportation Company, for the price of coal, alleged to have been furnished at divers times between the first of August, 1895, and the 28th of September, 1895, to the steamer "Puritan" owned by defendants.

The original special count of the declaration alleged, that between August 1, 1895, and September 28, 1895, the defendants, pretending and assuming to be officers and directors of a pretended stock corporation by name of Seymour Transportation Company, having its principal office and place of business in Cook county, assumed to exercise corporate powers, granted under and by virtue of the laws of the State of Illinois, and to use said corporate name without having complied with chapter 32, Revised Statutes of Illinois, to-wit, did not file or cause to be filed prior to September 28, 1895, in the recorder's office of Cook county a certificate of complete organization, "and did purchase from said plaintiff on the alleged behalf of said pretended corporation goods," etc., of the value of $1071.03, and delivered said goods to defendants, "to them as and so pretended to be directors, officers and agents of said pretended corporation." The common counts consolidated were also embodied in the declaration. A plea of general issue with affidavit of merits was filed by all the defendants. They also filed additional pleas, setting up section 18 of chapter 121, Revised Statutes of United States, and alleging total destruction of steamer on December 31, 1895, and that she is of no value, and that there is no freight pending. Replication was filed to the additional pleas to the effect that said steamer was not lost on the trip immediately succeeding the furnishing of the coal, but that the vessel made several trips thereafter prior to her loss; and also to the effect that defendants filed petition to limit liability in the United States District Court as to this same indebtedness, which petition since the last continuance has been denied. Demurrers were filed to the replications, which appear to have been overruled, and rejoinders were filed to the first and second replications.

The defendant, Elwyn W. Seymour, filed, by leave of court, a plea of bankruptcy, alleging that, after the making of the supposed promises in the declaration, on,

to-wit, the 12th day of November, 1900, the District Court of the United States of America for the Northern District of Illinois granted to the said Elwyn W. Seymour a discharge in bankruptcy; and that the said supposed claim of the plaintiff was scheduled by the said defendant in his petition for adjudication as a bankrupt in said court. No replication was ever filed to the plea setting up a discharge in bankruptcy.

Subsequently, the plaintiff below filed an amended count to the declaration, declaring against the defendants as members and stockholders of the pretended corporation, the Seymour Transportation Company, doing business without having filed its certificate of complete organization with the recorder of deeds of Cook county, and that the plaintiff, at the special instance and request of said defendants, delivered to them, as and so pretending to be members and stockholders of the pretended corporation as aforesaid, certain coal, etc. Other pleas and replications were filed.

The cause went to trial before the court and a jury, and the trial resulted in a verdict, finding the issues for the plaintiff below, the present appellee, and assessing the damages at $1367.33. Motion for new trial was overruled, and judgment was entered for $1367.33, and costs, against all the defendants, and it was ordered that execution issue.

The judgment entered by the circuit court was as follows: "This cause coming on to be heard upon the defendant's motion heretofore entered herein for a new trial in said cause, after arguments of counsel and due deliberation by the court, said motion is overruled and a new trial denied; therefore, it is considered by the court that the plaintiffs do have and recover of and from the defendants John Seymour, Richard A. Seymour, Elwyn W. Seymour and Antoine E. Cartier, as Seymour Transportation Company, its said damages of $1367.33, in form as aforesaid by the jury assessed, together with its costs

and charges in this behalf expended, and have execution therefor."

It was proven upon the trial that Elwyn W. Seymour, being unable to pay any of his debts and obligations, had gone through bankruptcy; and there was introduced in evidence a duly certified copy of an order of discharge, entered by the District Court of the United States of America for the Northern District of Illinois on November 12, A. D. 1900, reciting that Elwyn W. Seymour of Chicago in said district had been duly adjudged a bankrupt under the acts of Congress relating to bankruptcy, and appeared to have conformed to all the requirements of law in that behalf, and ordering that he be discharged from all debts and claims made provable by said acts against his estate, and which existed on the 12th day of September, A. D. 1900, on which day the petition for adjudication was filed by him, except such debts as were by law excepted from the operation of the discharge in bankruptcy. Accompanying said order of discharge was a duly certified copy of the schedule in bankruptcy, attached to the petition of the bankrupt, in which schedule was named the claim here sued upon in the sum of $1200.00 for coal furnished to the steamer, "Puritan."

An appeal was taken from the judgment of the circuit court to the Branch Appellate Court. After a hearing of the cause in the Branch Appellate Court, the following judgment was entered by that court:

"On this day came again the said parties, and the court having diligently examined and inspected as well the record and proceedings aforesaid as the matters and things therein assigned for error, and being now sufficiently advised of and concerning the premises, are of the opinion that in the record and proceedings aforesaid and in the rendition of the judgment aforesaid there is manifest error as to Elwyn W. Seymour, one of the appellants herein; therefore, it is considered by the court that for that error and others in the record and proceed-

ings aforesaid, the judgment of the circuit court of Cook county in this behalf rendered, be reversed, annulled and set aside and wholly for nothing esteemed as to Elwyn W. Seymour, one of the appellants herein; and it appearing to the court now here that neither in the record and proceedings aforesaid, nor in the rendition of the judgment aforesaid, is there anything erroneous, vicious or defective as to John Seymour, Richard A. Seymour and Antoine E. Cartier, and in that record there is no error as to them, therefore it is considered by the court, that the judgment aforesaid be affirmed as to the said John Seymour, Richard A. Seymour and Antoine E. Cartier, and stand in full force and effect as to them, notwithstanding the matters and things therein assigned for error; and it is further considered by the court that the said Elwyn W. Seymour, one of the appellants herein, recover of and from the said O. S. Richardson Fueling Company for use of Levi Windmuller, appellee, his costs by him in this behalf expended to be taxed; and that the said appellee, O. S. Richardson Fueling Company, for use of Levi Windmuller, recover of and from the said John Seymour, Richard A. Seymour and Antoine E. Cartier its costs, by it in this behalf expended, to be taxed, and that executions issue in favor of the respective parties in accordance with the foregoing order."

C. E. KREMER, for appellants.

HUBERT E. PAGE, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

We pass no opinion upon the merits of the controversy presented by this record, inasmuch as the judgment of the Appellate Court must be reversed on account of the character of the judgment itself.

The judgment, rendered by the circuit court, was a money judgment in behalf of appellee, the O. S. Richard-

205—6

son Fueling Company, against the four defendants below, appellants here, to-wit, John Seymour, Richard A. Seymour, Elwyn W. Seymour and Antoine E. Cartier. The money judgment thus rendered was a unit as to all the defendants, and upon appeal the judgment must be reversed as to all the defendants, if reversed as to any one of them. The judgment of the Appellate Court reversed the judgment as to Elwyn W. Seymour, and affirmed it as to the three other defendants below, the appellants here, John Seymour, Richard A. Seymour and Antoine E. Cartier.

An entire judgment against several defendants can not be affirmed as to one and reversed as to the others. (*Hays* v. *Thomas,* Breese, 180). Where the judgment is entire, there must be a total affirmance or reversal. (*Richard* v. *Walton,* 12 Johns. 434). In *Arnold* v. *Sandford,* 14 Johns. 417, it was said: "Where the judgments are distinct, we may reverse in part and affirm in part as in cases of damages and costs; but when the judgment is entire, there must be a total affirmance or reversal."

In *Earp* v. *Lee,* 71 Ill. 193, we said (p. 197): "It is also urged that, although the judgment may be erroneous as to a part of the defendants, still it is correct as to Atkins, and that it should not be reversed as to him. In the first place, a judgment at law is a unit, and is erroneous in whole or is valid as to all the defendants." (See also *Tompkins* v. *Wiltberger,* 56 Ill. 385; *Mack* v. *Brown,* 73 id. 295). In *Jansen* v. *Varnum,* 89 Ill. 100, we said: "At law a judgment must be a unit as to all the defendants. It cannot be reversed as to a part of them and affirmed as to the others." (See also *Glos* v. *O'Toole,* 184 Ill. 585). In *West Chicago Street Railroad Co.* v. *Morrison,* 160 Ill. 288, this court, speaking through the late Justice BAKER, said (p. 295): "It is also a rule applicable to trespass, as well as to all other actions at law, either for torts or upon contracts, that the judgment is a unit as to all the defendants against whom it has been rendered, and can

not be reversed as to one or more of them and affirmed as to the others, but if erroneous as to one is erroneous as to all.—1 Chitty's Pl. 86; *McDonald* v. *Wilkie*, 13 Ill. 22; *Jansen* v. *Varnum*, 89 id. 100; *Ragor* v. *Kendall*, 70 id. 95; *Claflin* v. *Dunne*, 129 id. 241." In *Claflin* v. *Dunne, supra,* we said (p. 248): "It is claimed that, although the judgment may be vacated against Horace B. Claflin, it should be sustained as to the other defendants. We do not concur in this view. The judgment is a unit as to all the defendants, and, if erroneous as to one, it is erroneous as to all."

The same rule is laid down in the text books. For instance, Black, in his work on Judgments (vol. 1,—2d ed. —sec. 211,) says: "When we inquire as to the proper disposition to be made of a joint judgment against several defendants, which is void as to one of them, when it is brought before a court of review by writ of error or appeal, we find the authorities more nearly harmonious. In general, they agree that it cannot be affirmed as to one defendant and reversed as to another, but must be reversed as an entirety. And conversely, if in favor of defendants, invalidity as to one will vitiate it as to all."

In Wait's Law and Practice (vol. 3,—7th ed.—p. 664,) it is said: "The rule is well settled that an entire judgment against several defendants, whether rendered in an action for tort or upon contract, cannot be reversed as to one defendant and affirmed as to the others.—*Farrell* v. *Calkins*, 10 Barb. 348."

It follows that, under these authorities, the judgment of the Branch Appellate Court, which reversed the judgment of the circuit court as against Elwyn W. Seymour and affirmed the same as to the three other defendants below, is erroneous. It is true, that where a plaintiff sues a number on a contract, he may take judgment against a part of them only where a personal defense is interposed by any one of the defendants. In other words, the rule that, where a money judgment is a unit as to all the defendants, the judgment must be against all or none, does

not apply where a personal defense is established as to one or more of the defendants. For instance, where one of the joint defendants proves a discharge in bankruptcy, the judgment may be rendered against the other defendants without joining the bankrupt.

In *Felsenthal* v. *Durand*, 86 Ill. 230, we said: "In actions on contract against several, when all are served with process, the judgment must be against all or none, unless some of the defendants make a personal defense—as infancy, lunacy, bankruptcy, and the like."

In *Byers* v. *First Nat. Bank of Vincennes*, 85 Ill. 423, we said (p. 425): "We are aware of no case that holds that a plaintiff may sue a number on a contract, and take judgment against only a part of them, where no personal defense is interposed by any one of the defendants. It has been repeatedly and uniformly held by this court, that the judgment must be against all or none, unless a personal defense is established as to one or more of the defendants." (See also *Faulk* v. *Kellums*, 54 Ill. 188; *Robinson* v. *Brown*, 82 id. 279; *Stevens* v. *Catlin*, 152 id. 56). In 15 Encyclopedia of Pleading and Practice (p. 549,) it is said: "The rule, that joint contractors must be sued jointly, is subject to several well-defined exceptions. Thus, where a joint contractor has become bankrupt, an action may be brought against the other joint contractors without joining the bankrupt."

In the case at bar, the judgment of the Branch Appellate Court does not show the ground, upon which the judgment was reversed as to Elwyn W. Seymour and affirmed as to the other appellants. But, on looking into the record, we find what is recited in the statement preceding this opinion, that a plea of discharge in bankruptcy was filed by Elwin W. Seymour, and that the fact of discharge, as set up in said plea, was established by proof. It was, therefore, error for the trial court to render judgment against all of the four defendants. Appellee, plaintiff below, could have dismissed or discontinued

the case as to Elwyn W. Seymour and taken a judgment against the three other defendants, John and Richard A. Seymour, and Antoine E. Cartier.  But appellee did not pursue this course.  On the contrary, it took judgment against the four defendants below without reference to the personal defense of bankruptcy or discharge in bankruptcy, made by Elwyn W. Seymour.

In speaking of the rule here announced, Black in his work on Judgments (vol. 1,—2d ed.—sec. 206,) says: "The rule, however, is subject to one important exception.  Though the obligation in suit is joint or joint and several, yet if one defendant pleads matter which goes to his personal discharge, such as bankruptcy, or to his personal disability to contract, such as infancy, or any other matter which does not go to the nature of the writ, or pleads or gives in evidence matter which is a bar to the action as against himself only, and of which the others could not take advantage, judgment may be rendered for such defendant against the rest.  *  *  *  The reason of the distinction is obvious, and it is this: that such a special personal defense does not falsify the averment of an original joint promise, but, admitting it, avoids it by the averment of matter subsequent."  In some of the States, it is held that, in an action upon a joint and several contract, "the plaintiff may enter a *nol. pros.* against one of the defendants and proceed to judgment against the others."  (1 Black on Judgments,—2d ed.—sec. 206).

Appellee, upon the trial below, might have discontinued the suit as to Elwyn W. Seymour, but the court could not do that for it, nor require it to do that, nor was the court bound to instruct appellee that it ought to do that.  (*Davis* v. *Johnson*, 41 Ill. App. 22).

In the present case, the Appellate Court made no findings of facts in its judgment.  It is to be presumed, therefore, that its reversal of the judgment as against Elwyn W. Seymour was for error of law on the part of the trial court in not rendering judgment in favor of Elwyn

W. Seymour because of his discharge in bankruptcy, as pleaded and proven. Where the Appellate Court thus reverses the trial court for an error of law, it should reverse the judgment, and remand the cause. (*Siddall* v. *Jansen*, 143 Ill. 537; *Hogan* v. *City of Chicago*, 168 id. 561).

The cases of *Iroquois Furnace Co.* v. *Elphicke & Co.* 200 Ill. 411, and *Manistee Lumber Co.* v. *Union Nat. Bank*, 143 id. 490, have no application here, because those cases were tried before the court without a jury, while the case at bar was tried before the court and a jury.

The case at bar was submitted to this court and taken under advisement by the court at the February term, 1903; but no final judgment or order has yet been entered in the case by this court since the hearing thereof, and since the same was taken under advisement. At the April term, 1903, of this court, it was suggested to the court that, since this cause was taken under advisement, to-wit, on March 11, 1903, Richard Seymour, one of the appellants herein, departed this life. Thereupon, at the April term, 1903, of this court, a motion was made by the appellee that the judgment or final order entered by this court should be so entered *nunc pro tunc* as of a date prior to the first day of March, A. D. 1903, or prior to the day of the death of said appellant, Richard Seymour.

In *Danforth* v. *Danforth*, 111 Ill. 236, this court held that, where a hearing of a cause has been regularly had and judgment is delayed by the court taking the case under advisement, and one of the parties dies before the announcement of judgment, the court may direct the same to be entered as of the preceding term, at which the cause was taken under advisement. Accordingly, the motion, made by the appellee, will be allowed, and the judgment hereinafter ordered to be entered will be entered *nunc pro tunc* as of the February term, 1903, when the present cause was taken.

For the reasons hereinbefore set forth, the judgment of the Branch Appellate Court reversing the judgment of

the circuit court as to Elwyn W. Seymour, and affirming
the same as to the three other appellants, is reversed,
and the judgment of the circuit court is also reversed and
the cause is remanded to the circuit court for further pro-
ceedings in accordance with the views herein expressed.

*Reversed and remanded.*