(No. 15504.—Reversed in part and remanded.)
MAX DALMBERT, Appellee, *vs.* JACOB GLOS *et al.*—(AUGUST
A. TIMKE, Trustee, Appellant.)

*Opinion filed October 20, 1923—Rehearing denied Dec. 7, 1923.*

1. REGISTRATION OF TITLE—*when presumption arises that deed was delivered.* Where, in a proceeding to register title, the applicant is in possession and has a recorded warranty deed to him from his immediate grantors there is a presumption that the deed was delivered.

2. TAX DEEDS—*conveyance by holder of tax deed is an assignment of his interest.* Upon setting aside a tax deed and a subsequent conveyance by the holder of the tax deed, it is the duty of the court to direct the re-payment of the taxes, interest and costs to the grantee in the subsequent conveyance, on the ground that such conveyance amounts to an assignment of all the grantor's rights under the tax deed.

3. SAME—*when reimbursement should be made to grantee in trust deed.* Where the holder of a tax deed gives a trust deed to one party and subsequently a quit-claim deed to other parties, the grantee in the trust deed, for the use and benefit of the holders of notes secured thereby, takes a prior right to the reimbursement when the tax deed is set aside.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

AUGUST A. TIMKE, *pro se.*

WETTEN, PEGLER & DALE, (CHARLES L. MAKEMSON, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Max Dalmbert filed his petition in the circuit court of Cook county on April 5, 1920, to have certain lands registered in his name as owner of the fee. The petition states that the land is vacant and unoccupied; that there are no liens and incumbrances on the same; that among certain persons having or claiming an estate or interest in the land is August A. Timke, appellant herein, trustee for the un-

known owner or owners of notes secured by a deed of trust to him for the purpose of securing the notes held by such unknown owner. Other claimants not necessary to be considered in this inquiry were also made parties. The cause was referred to an examiner of titles, who made a report thereon, to which objections were filed by appellant and others. All the objections were overruled and a decree was entered in accordance with the report of the examiner of titles, ordering the land to be registered in the name of appellee as owner of the fee.

The decree finds that the tax deeds of Jacob Glos are void and should be removed as clouds on appellee's title, but that Glos is entitled to reimbursement for certain sums of money paid upon the sale of the land for delinquent taxes and for expenses incurred in connection therewith, and in the issuance of certain deeds, together with subsequent taxes paid by him, amounting to $2463.43; that having on the 31st day of December, 1919, conveyed by quitclaim to Emma Glos and others all the interest which he held by virtue of the tax deeds, the quit-claim deed operated as an assignment by him of the right to reimbursement provided for in the decree. The decree also finds that the interest of appellant, August A. Timke, was acquired by a certain trust deed dated April 26, 1905, given to secure a certain indebtedness therein described; that said deed conveyed no interest in the land in question, and that the same is null and void and should be set aside as a cloud upon the title of the applicant.

Appellant argues two contentions: First, that he, as trustee, is entitled, on behalf of the holder of the notes secured by the trust deed, to the reimbursement which accrued to Glos by reason of taxes and costs paid; and second, that the evidence does not show the fee to be in appellee, Dalmbert.

Considering first the contention of appellant as to the title, the record shows that the examiner reported and the

court found that the title in fee to the various tracts of land described in the petition was in appellee by *mesne* conveyances from Thomas R. Hubbard, to whom a patent to said lands was issued by the United States government on October 1, 1839, said title being subject to certain liens for taxes hereinafter referred to. Appellant does not dispute this finding further than to contend that the evidence does not show delivery of the deed from appellee's immediate grantor. The record shows that the appellee is in possession of the land; that he is also in possession of a recorded warranty deed to him from Harriet A. and Francis M. Banfil, his immediate grantors. No evidence was offered to the contrary, and the presumption arises in such case that the deed conveying the property was delivered. (*Inman* v. *Swearingen,* 198 Ill. 437; *Harshbarger* v. *Carroll,* 163 id. 636; *Tunison* v. *Chamblin,* 88 id. 378; *Reed* v. *Douthit,* 62 id. 348.) The record shows title in the appellee which is good as against the world.

The remaining contention of appellant is, that the trust deed of Glos amounted to an assignment of any sum of money to which Glos might be entitled by way of reimbursement on account of taxes and costs paid. Upon setting aside a tax deed and a subsequent conveyance by the holder of the tax deed, it is the duty of the court to direct the re-payment of the taxes, interest and costs to the grantee in the subsequent conveyance, on the ground that such conveyance amounts to an assignment of all the grantor's rights under the tax deed. (*Glos* v. *O'Toole,* 173 Ill. 366; *Glos* v. *Woodard,* 202 id. 480; *Glos* v. *Mulcahy,* 210 id. 639.) While in the above authorities quit-claim deeds were used, we see no difference, in principle, between a conveyance by a quit-claim deed and a conveyance by a trust deed, in so far as assignment of the interests of the grantor is concerned. The trust deed to Timke was made April 26, 1905, while the quit-claim deed to Emma Glos and others was given on the 31st day of December, 1919, and the former

was entered of record prior to the latter. Therefore it is just to hold that appellant took a prior right to the reimbursement by reason of his trust deed, for the use and benefit of the legal holders of the notes, to the amount of any valid claim on said notes.

The grantees in the quit-claim deed of December 31, 1919, do not appear in this court or file briefs and argument in support of their claims. The decree gives to appellee all the relief asked, and no question is raised as to that part of the decree directing that he make reimbursement. He is not concerned in the contention between the trustee and grantees under the quit-claim deed as to who is entitled to such reimbursement. It was not incumbent upon Dalmbert to urge the rights of the grantees of the quit-claim deed on a review in this court. It was their duty to file a brief and argument on this question.

Timke's right to the funds by virtue of the trust deed to him is the only question for review under the assignments of error. If there are legal holders of valid and binding notes who are entitled to the funds as assignees under the trust deed to appellant, that matter was a proper one for the chancellor to determine.

The decree, in so far as it determines the right of appellee to have the title to the land in question registered in his name as owner of the fee, is affirmed. That part of the decree holding the right to reimbursement to be in the grantees of the quit-claim deed is reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed in part and remanded.*