**John Filas, Defendant in Error, v. Emily F. Filas, Impleaded with Thomas M. Filas, Plaintiff in Error.**

**Gen. No. 30,811.**

1. NEGOTIABLE INSTRUMENTS—*sufficiency of evidence to show agreement substituting new consideration for instrument.* A finding of the jury, in an action upon a note given by husband and wife in consideration of advance payments made by the payee upon the contract of the husband to erect a building for such payee, that after the making of the note the payee thereof paid the husband in cash the amounts specified in the contract, as they became due, and in addition a sum equal to the face of the note as a special loan, upon the agreement of the husband that the note aforesaid should stand as evidence therefor, held not so manifestly against the weight of the evidence as to require reversal.

2. PAYMENT—*when note deemed paid as to one of joint makers not party to agreement substituting new consideration for instrument.* Where the payee of a note given by husband and wife in consideration of advance payments made by the payee upon the contract of the husband to erect a building for such payee, without the knowledge or consent of the wife paid to the husband in cash the amounts specified in the contract as they became due, and in addition a sum equal to the face of the note under the agreement of the husband that the note aforesaid should stand as evidence thereof, such note was paid and the debt thereby represented was liquidated, as to the wife, upon the coming due of the payments on the contract so advanced.

THOMSON, J., specially concurring.

Error by defendant to the Circuit Court of Cook county; the Hon. WILLIAM V. BROTHERS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Reversed. Opinion filed November 17, 1926. Rehearing denied December 2, 1926.

ROBERT W. DUNN, for plaintiff in error.

JONES & KERNER, for defendant in error; JAMES G. SKINNER, of counsel.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

On February 20, 1922, John Filas, the plaintiff, obtained judgment by confession, in the circuit court, against the defendants, Thomas M. Filas and Emily F. Filas, in the sum of $3,538.40. On April 13, 1922, pursuant to a stipulation, the defendants were given leave to plead and file an affidavit of merits within 15 days, the judgment meanwhile to stand as security.

On April 28, 1922, the defendants pleaded the general issue and payment, and the defendant, Emily F. Filas, filed a further plea, in which she alleged that no consideration passed from the plaintiff to her for the note sued upon, and "that she did not sign said note as surety or guarantor."

There was a trial before the court, with a jury, and, on March 27, 1924, a verdict finding the issues for the

plaintiff. A motion by the defendants, for a new trial, was granted. The cause was again tried before the court, with a jury, and on December 6, 1924, there was a verdict for the plaintiff. On December 13, 1924, it was ordered that the former judgment of February 20, 1922, in the sum of $3,538.40, in favor of the plaintiff, and against both the defendants, stand as the final judgment in the cause. This is a writ of error prosecuted by the defendant, Emily F. Filas, to reverse that judgment.

It is the theory of the plaintiff that on June 3, 1915, the Thomas M. Filas Company, by Thomas M. Filas, president—Thomas M. Filas being the nephew of the plaintiff, and one of the defendants—agreed to put up a brick building for him, the plaintiff, for $5,600; that the contract provided that $1,200 was to be paid when the subfloor was laid; $1,200 when the roof was on; $1,200 when the plastering was completed; $1,200 when the building was completed, and $800 thirty days after completion; that he, the plaintiff, paid $1,200 on July 1; that on July 7 he loaned, or paid in advance, the sum of $2,400, anticipatory of the next two payments, the second and third, and took from Thomas M. Filas a 60-day note for that amount, signed both by his nephew and his nephew's wife, the defendant; that on July 28, his nephew called at his house and asked him, to use the language of plaintiff's testimony, if he, the plaintiff, "wouldn't be kind enough and pay him for the second and third payment in cash, and keep the $2,400 note until further along, that he (his nephew) would square that up later on"; that he, the plaintiff, said, "All right, I will pay you—give you money for the second payment, that was $1,200, and the other $1,200"; that he then gave him $1,200 in cash and later, on August 2, gave him the other $1,200 in cash; that "He (his nephew) didn't give me anything, because he thought the note was all right for the other twenty-four hundred"; that his nephew said,

"I didn't have to have no receipt, that I can keep the $2,400 note''; that, on September 10, he, the plaintiff, gave his nephew a check for a further $1,200, and on October 29, a check for $850, making in all $8,050, and that there is now still due him, the plaintiff, the $2,400 and interest, represented by the $2,400 note of July 7.

It is the theory of the defendant, Emily F. Filas: (1) That the plaintiff never made the alleged two payments of $1,200 each in cash, on July 28 and August 2, and (2) that even if he did make these two payments, as the note of $2,400 was originally given by her and her husband, as evidence of the $2,400, which was loaned or paid in advance by the plaintiff on July 7, and as it was later agreed between the plaintiff and her husband, without her knowledge and consent, that the same note—which is the one now sued upon—should be used to represent a new debt, that is the alleged two payments of cash, on July 28 and August 2, it follows that, as to her, the debt for which the note was originally given—being the second and third payments, which payments were compensated for by the finishing of the work on the building—has been paid and the debt it originally represented satisfied in full.

As to the alleged two payments of July 28 and August 2, of $1,200 each. The evidence on that subject consists, chiefly, of the testimony of the plaintiff and his nephew, Thomas M. Filas. The evidence shows, without question, that the defendant paid $1,200 on July 1, $2,400 on July 7, for which he took the note in question, $1,200 on September 10, and, on October 29, at the time of the final settlement, $850, making a total of $5,650, the total contract price, together with certain minor items. It is the claim, however, of the plaintiff that he paid $1,200 in cash on July 28, and the same amount on August 2. The defendant, Thomas M. Filas, denies that he ever re-

ceived those payments. The evidence on that subject is conflicting and irreconcilable, but as the jury found in favor of the plaintiff, we do not feel justified in holding that their finding as to those payments was clearly against the weight of the evidence.

In the view we take of the case, the plaintiff was not entitled to judgment against the defendant, Emily F. Filas, even assuming the plaintiff made the two payments in question. The $2,400 note on which suit was brought is dated July 6, 1915, and was signed by Thomas M. Filas and Emily F. Filas, his wife, as makers, and was payable 60 days after date to the order of the plaintiff. The defendant Emily F. Filas testified that she signed the note at the request of her husband; that she knew what the note was given for at the time, and that she never at any time had any conversation with the plaintiff in regard to the note.

It is the testimony of the plaintiff that on July 1, 1915, after he had given Thomas M. Filas a check for $1,200, which was the first payment, his nephew asked him how much money he had in the bank, and he told his nephew it was somewhere around $2,400; that his nephew asked him if he would do him a favor and let him have that $2,400, as he could buy the lumber cheaper if he could pay cash for it, and that he could, also, get rebates; that he, the plaintiff, said, "All right if that is the case I will help you out with that money, but that will have to be figured on the payments of the contract," that is for the second and third payments; that he would require a note for $2,400; that on July 7, his nephew stopped at his, the plaintiff's house, and they went to the bank, and he paid his nephew $2,400, and got the note in question.

The plaintiff further testified that he next saw his nephew on July 28, at his, the plaintiff's house; that his nephew asked him "if I wouldn't be kind enough and pay him for the second and third payment in cash, and keep the $2,400 note until further along, that he

would square that up later on"; that he told his nephew that he had enough money already in advance, and his nephew said, "That will be all right, we will catch up to everything"; that he, the plaintiff, said, "That will be all right, I will pay you—give you money for the second payment, that was $1,200, and the other $1,200. You come around some other day and get the other $1,200"; that he then gave his nephew $1,200 in cash. When asked to tell what his nephew said, he answered, "He said I didn't have to have no receipt, that I can keep that $2,400 note."

The plaintiff further testified that on August 2, at his own home, his nephew called for the other $1,200; that he told him he had it ready for him; that he went into the room where he had a tool box and took the money out of it, and paid him $1,200 in currency. That evidence—the testimony of the plaintiff—shows conclusively that although the note was originally given for an advance payment, on the contract, of $2,400, it was agreed, on July 28, between the plaintiff and Thomas M. Filas, that the second and third payments of $1,200 each, for which the plaintiff had been given the $2,400 note, should be considered as payments on the contract in cash, and that the note thereafter should be used and substituted as evidence of a special loan of $2,400, which was made up of the alleged payments of $1,200 on July 28, and $1,200 on August 2.

From the foregoing, it follows, as the building was ultimately finished and completely paid for, that the note which the defendant, Emily F. Filas, signed as joint maker and which was given by her only as evidence of the advancement of the second and third payments, and which was made on July 7, must be considered as having been paid and satisfied in full, as to her. The claim of the plaintiff that his nephew asked him to lend him $2,400, and hold the old note, which was given for another purpose, as evidence of

the new debt, and that he acquiesced, demonstrates that the plaintiff has no right of action against the defendant, unless he has shown that she, by some overt act, had in some way consented to the new use of the note. Although he was bound to prove that fact by a preponderance of the evidence, all that the record shows on that subject is the testimony of the defendant herself, who testified that she signed the note in question with her husband; knew what the note was given for, and never at any time had any conversation with the plaintiff in regard to the note after the day it was signed. If the testimony of the plaintiff is true that he paid to his nephew, in all, $8,050, which was the price of the building, and $2,400 in cash in addition, then his nephew may still owe him the amount of the note, but as far as Emily F. Filas is concerned, the debt represented by the note was liquidated and paid when the work on the house under the contract was so far done that by the terms of the contract the second and third payments became due. As it is shown by the testimony of the plaintiff himself that he and the defendant undertook to reissue the note, as it were, as evidence of another debt, without consulting or considering the defendant, Emily F. Filas, and as the original debt has been paid, there can be no liability on the defendant. The defendant pleaded payment, and the evidence of the plaintiff proves it.

As there was no liability on the part of the defendant, Emily F. Filas, the judgment is reversed.

*Reversed.*

O'CONNOR, J., concurs.

MR. JUSTICE THOMSON specially concurring: While I agree that the judgment of the circuit court should be reversed, I am of the opinion that the cause should be remanded to that court for such further proceed-

296    APPELLATE COURTS OF ILLINOIS.

ings as the plaintiff may wish to take against the defendant Thomas M. Filas, as was done under a case presenting somewhat similar circumstances in *Seymour v. O. S. Richardson Fueling Co.*, 205 Ill. 77.